IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAWRENCE WILSON,<br>  2002 Bermondsey Drive<br>  Bowie, MD 20721,<br><br>      *Plaintiff,*<br><br>      v.<br><br>BAZILIO COBB ASSOCIATES, PC,<br> f/k/a Thompson, Cobb, Bazilio & Associates, Inc.,<br>  1920 N Street, N.W., # 800<br>  Washington, DC 20036,<br><br>      *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. : _____ |

## COMPLAINT AND JURY DEMAND

For its complaint against Bazilio Cobb Associates, PC, f/k/a Thompson, Cobb, Bazilio & Associates, Inc., ("Defendant" or "BCA"), Plaintiff Lawrence Wilson ("Wilson"), by undersigned counsel, alleges as follows:

### PARTIES

1. Plaintiff Lawrence Wilson is an individual residing at 2002 Bermondsey Drive, Bowie, Maryland, 20721.

2. Defendant BCA is a District of Columbia professional corporation with its principal place of business in the District of Columbia. BCA is the successor in interest to the former Thompson, Cobb, Bazilio & Associates, Inc., ("TCBA").

**JURISDICTION AND VENUE**

3. There exists complete diversity of citizenship of the parties and the amount in controversy in this case exceeds $75,000.00, exclusive of costs and interest. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this judicial District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this District and because a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

5. Lawrence Wilson is a former employee of BCA and BCA's predecessor entity, TCBA. Wilson joined TCBA in 1994 and established and built the company's consulting services practice. Wilson served as the head of the BCA's Consulting Services department until the end of his employment on January 31, 2014.

6. As part of his compensation for his employment at TCBA and BCA, Wilson was entitled to receive 120 hours of vacation and sick leave during his first year and 160 hours per year thereafter. Up to 60 hours of unused leave per year was eligible to accrue and carry over to following years. The terms of Wilson's entitlement to vacation and sick leave were documented in an employment agreement between Wilson and TCBA, dated March 10, 1994, and were confirmed by company practice throughout his tenure.

7. In July, 2013, Wilson and BCA began negotiations to effect Wilson's purchase from BCA of substantially all of the assets of BCA used in connection with BCA's government and commercial consulting services practice. In August, 2013, Wilson founded Promesa Consulting Group, Inc. ("Promesa"), as the vehicle through which this purchase would be effected. As part of the negotiations, BCA acknowledged the existence of accrued but unpaid

liabilities to BCA staff who would be expected to leave BCA upon the sale of the assets to Promesa.  Among those acknowledged liabilities were Wilson's accrued but unpaid vacation and sick leave payments.

8. On or about October 15, 2013, BCA and Promesa entered into a letter of intent concerning the sale of BCA's consulting services assets to Promesa.  Negotiations over the potential sale continued into November, 2013, but did not come to fruition.

9. In December, 2013, Wilson met with Ralph Bazilio, BCA's Chief Executive Officer, to discuss his future with BCA.  Bazilio suggested Wilson separate from BCA, and Wilson suggested a date of January 31, 2014 so that Wilson could continue to assist BCA in securing its position with BCA clients following Wilson's departure.

10. On or about January 29, 2014, in connection with his expected departure, Wilson met with Lavern Carrington, BCA's Manager, Human Resources.  During this meeting Carrington acknowledged in writing that BCA owed Wilson payment for 1,160 hours of accrued but unused vacation time and 163 hours of accrued but unused sick leave.

11. Wilson's employment with BCA ended on January 31, 2014.

12. In a letter to Wilson dated January 31, 2014, BCA stated "The payout of your vacation leave balance will begin on the pay period ending Febraury 15, 2014 and will continue until the leave balance has been exhausted."

13. To date, despite demand, BCA has made no payment to Wilson of either his vacation leave balance or his sick leave balance.  BCA also has refused to pay Wilson's final expense reimbursement request of $1,914.04.

## COUNT I – BREACH OF CONTRACT

14. Wilson repeats and realleges each and every allegation of paragraphs 1 through 13 above, as if fully alleged herein.

15. Defendant and Wilson entered into an employment agreement dated March 10, 1994 (the "Employment Agreement").  The Employment Agreement was an express, written contract between the parties.

16. Wilson performed its duties and responsibilities under the Employment Agreement.

17. Defendant breached the Employment Agreement by failing to pay Wilson his accrued but unpaid vacation and sick leave upon the termination of Wilson's employment at BCA.

18. Wilson has been, and continues to be, damaged by Defendant's breach of the Employment Agreement, including without limitation $172,884.62 in accrued but unused vacation time payments through January 15, 2014; $24,293.27 in accrued but unused sick leave payments through January 15, 2014; and prejudgment interest thereon.  Wilson will continue to suffer such damages and losses during the pendency of this litigation, in an amount to be proved at trial.

## COUNT II – PROMISSORY ESTOPPEL

19. Wilson repeats and realleges each and every allegation of paragraphs 1 through 18 above, as if fully alleged herein.

20. BCA and its agents made promises to Wilson as alleged above, including but not limited to the promises that Wilson would, as part of his compensation for employment, receive

payment for accrued but unused vacation and sick leave, and reimbursement of business expenses incurred on BCA's behalf.

21. These promises reasonably induced Wilson's reliance upon them to his detriment and caused Wilson to suffer damages, including without limitation, including $172,884.62 in accrued but unused vacation time payments through January 15, 2014; $24,293.27 in accrued but unused sick leave payments through January 15, 2014; $1,914.04 in unreimbursed business expenses; and prejudgment interest thereon. Wilson will continue to suffer such damages and losses during the pendency of this litigation, in an amount to be proved at trial.

**WHEREFORE, PLAINTIFF WILSON PRAYS:**

(a) that the Court exercise jurisdiction over this action;

(b) that the Court award compensatory damages in an amount to be determined at trial;

(c) that the Court award prejudgment interest; and

(d) that the Court award plaintiffs such further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Wilson demands a trial by jury on all issues so triable.

                        Respectfully submitted,

                        AEGIS LAW GROUP LLP

By:    /s/ Oliver Garcia
          Oliver Garcia (D.C. Bar No. 456600)
          801 Pennsylvania Ave., N.W., Suite 740
          Washington, D.C. 20004
          T: 202-737-3500/F: 202-735-5071
          ogarcia@aegislawgroup.com

Dated:  June 2, 2014                *Attorneys for Lawrence Wilson*